# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRON WOOLEY and JULIANA WOOLEY, Parents of E.W., a Minor,<br><br>Plaintiffs,<br><br>vs.<br><br>VALLEY CENTER-PAUMA UNIFIED SCHOOL DISTRICT, a Local Educational Agency,<br><br>Defendant. | CASE NO. 06cv2451 BTM(RBB)<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING AS MOOT MOTION TO STRIKE** |

Defendant Valley Center-Pauma Unified School District has filed a motion to dismiss Plaintiffs' Complaint as well as a motion to strike. For the reasons discussed below, the Court **GRANTS** Defendant's motion to dismiss and **DENIES AS MOOT** the motion to strike.

## I. BACKGROUND

Plaintiffs Myron and Juliana Wooley are the parents of E.W., a sixth-grader at Lilac Elementary School. E.W. qualifies for special education due to diagnoses of autism, mild mental retardation, speech and language impairment, motor delays, visual-perceptual and attention deficits, and social skill delays. (Compl. ¶ 8.)

Plaintiffs allege that since the 2002-2003 school year, Defendant Valley Center-Pauma Unified School District ("Defendant" or "District") has failed to offer and provide a free,

appropriate public education ("FAPE") to E.W., as required by the Individuals With Disabilities Educational Act ("IDEA"), 20 U.S.C. § 1415, et seq.  On November 4, 2005, Plaintiffs filed a request for a due process hearing with the California Office of Administrative Hearing ("OAH").

Plaintiffs and the District entered into a settlement agreement ("Agreement") on February 17, 2006. (Exh. A to Compl.) Pursuant to the Agreement, the District agreed to the following: (1) to provide a one-to-one aide during the regular school day; (2) to develop a plan for conducting and completing a comprehensive autism assessment, an occupational therapy assessment, and a language and speech evaluation; (3) convene an Individualized Educational Program team meeting to review the assessments and make an educational program available for the remainder of the 2005-2006 school year and the 2006-2007 school year; and (4) pay attorneys' fees and costs incurred by Plaintiffs in connection with the due process action. In exchange, Plaintiffs agreed to dismiss the due process hearing against the District and waive all claims made, or that could have been made, through the date of execution of the Agreement.

In a letter dated February 27, 2006, counsel for Plaintiffs claimed that the District had breached the terms of the Agreement and that Plaintiffs were entitled to rescission of the Agreement. (Exh. C to Comp.)

On March 28, 2006, Plaintiffs filed a second due process hearing request with the OAH. However, Plaintiffs withdrew their request on October 19, 2006 to seek relief in this Court.

On November 6, 2006, Plaintiffs commenced this action.  The Complaint asserts causes of action for (1) rescission of the settlement agreement; (2) a compensatory education; (3) violation of civil rights under 42 U.S.C. § 1983 and section 504 of the Rehabilitation Act; and (4) attorney's fees and costs.

Pursuant to a stipulation filed on January 5, 2007, after the filing of Defendant's motions, the Court dismissed Plaintiffs' claims for rescission and violation of § 1983 and the Rehabilitation Act. Accordingly, the sole remaining claims are for a compensatory education

and attorney's fees and costs.

## II. DISCUSSION

Defendant seeks the dismissal of this case on the grounds that (1) Plaintiffs have failed to exhaust administrative remedies, as required by the IDEA; and (2) Plaintiffs have failed to join the California Department of Education ("CDE") and the OAH, indispensable parties to the action. As discussed below, the Court agrees that Plaintiffs are required to exhaust their administrative remedies and dismisses the case to allow Plaintiffs to do so.

Under the IDEA, states are required to offer parents of a disabled student procedural safeguards, including an opportunity to present complaints regarding the student's identification, evaluation, placement, or FAPE and, when such complaints are filed, "an impartial due process hearing . . . by the State educational agency or by the local educational agency." 20 U.S.C. § 1415 (b)(6), (f). The IDEA also provides that a party aggrieved by the findings and decision made in a due process case has the right to bring a civil action in a state or federal district court within 90 days of the decision. 20 U.S.C. § 1415(i).

Ordinarily, judicial review under the IDEA is available only after the plaintiff exhausts administrative remedies. Doe v. Arizona Dept. of Educ., 111 F.3d 678, 681 (9th Cir. 1997). The exhaustion doctrine "embodies the notion that 'agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer.'" Hoeft v. Tucson Unified School Dist., 967 F.2d 1298, 1303 (9th Cir. 1992) (quoting McCarthy v. Madigan, 503 U.S. 140, 144 (1992)). "Exhaustion of the administrative process allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children." Id.

Exhaustion is excused in cases where resort to the administrative process would be either futile or inadequate. Hoeft, 967 F.2d at 1303. A plaintiff alleging futility or inadequacy of the IDEA administrative procedures bears the burden of proof. Robb v. Bethel School

Dist., 308 F.3d 1047, 1050 n. 2 (9th Cir. 2002).

Plaintiffs allege that they are excused from exhausting administrative remedies on the grounds of futility and inadequacy. Plaintiffs allege that the administrative process is inadequate because OAH ALJs lack the expertise and knowledge to make appropriate decisions.

The IDEA provides that the hearing officer conducting the due process hearing "possess knowledge of, and the ability to understand, the provisions of this chapter, Federal and State regulations pertaining to this chapter, and legal interpretations of this chapter by Federal and State courts; possess the knowledge and ability to conduct hearings in accordance with appropriate, standard legal practice; and possess the knowledge and ability to render and write decisions in accordance with appropriate, standard legal practice." 20 U.S.C. § 1415(f)(3)(A)(ii), (iii), (iv). Plaintiffs express doubt that the OAH ALJs meet this criteria.

Plaintiffs argue that the OAH website, http://www.oah.dgs.ca.gov/ALJ+Biographical+Information/default.htm, shows that only six out of eighty ALJs have any special education training. (Compl. ¶ 6.) In opposition to the motion to dismiss, Plaintiffs submit the biographical information posted on the OAH website for Judge Darrell Lepkowsky, the ALJ who was assigned to conduct the second due process hearing. (Exh. B to Request for Judicial Notice.)[1] Plaintiffs argue that Judge Lepkowsky's biography does not indicate that she has any experience or training in special education.

However, the biographical information posted on the OAH website is not exhaustive. The biographical information for each ALJ is very brief and generally consists of a summary

---

[1] Courts have held that IDEA's exhaustion requirements are jurisdictional in nature. Polera v. Bd. of Educ. of Newburgh Enlarged City School Dist., 288 F.3d 478, 483 (2d Cir. 2002); E.J. v. Matula, 67 F.3d 484, 493 (3d Cir. 1995). Therefore, motions to dismiss for failure to exhaust IDEA's administrative remedies are properly brought under Fed. R. Civ. P. 12(b)(1). A.H. ex rel. M.H. v. New Jersey Dept. of Educ., 2006 WL 3359644 (D.N.J. Nov. 20, 2006); Falzett v. Pocono Mountain Sch. Dist., 150 F. Supp. 2d 699 (M.D. Pa. 2001). When considering a motion to dismiss pursuant to Rule 12(b)(1), the district court is not restricted to the face of the pleadings, but may review evidence such as affidavits or testimony to resolve factual disputes concerning the existence of jurisdiction. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

1 of the ALJ's education and employment history and sometimes lists honors and group
2 memberships. The biographical information does not purport to contain all relevant training
3 that the ALJ has received. Therefore, the fact that the biographies do not mention special
4 education training does not mean that the ALJs have not received such training.

5   Indeed, as pointed out by Plaintiffs, on the Frequently Asked Questions page
6 (http://www.oah.dgs.ca.gov/Special+Education/SE-FAQ.htm), the question "Is OAH ensuring
7 that the ALJs are properly trained pursuant to Education Code section 56505(c)?" is
8 answered "Yes."[2] Plaintiffs complain that the website does not explain how the ALJs are
9 trained. However, the website's lack of specificity does not mean that the ALJs do not
10 receive adequate training.

11   The Complaint states that "the ALJs Decisions consistently show that the ALJs do not
12 understand special education law, and do not know how to write decisions, which has
13 resulted in every case Plaintiff's attorney has taken to hearing with OAH being re-filed in
14 federal court." (Compl. ¶ 6.) However, Plaintiffs and/or Plaintiffs' counsel's opinion regarding
15 the shortcomings of decisions rendered by OAH ALJs is insufficient to establish that
16 exhaustion would be futile due to the inadequacy of the administrative process.

17   Moreover, if Plaintiffs believe that the ALJ assigned to hear the case is not qualified,
18 they may exercise a peremptory challenge or seek disqualification of the ALJ. See Cal.
19 Code Regs. tit. 1, §§ 1034, 11512(c) (2007). If Plaintiffs still believe the ALJ presiding over
20 their case is unqualified, Plaintiffs may raise the issue as a point of error on appeal to the
21 district court. Plaintiffs have not availed themselves of any of these procedures.

22 ///
23 ///
24   The Court finds that Plaintiffs have failed to meet their burden of demonstrating the

---

[2] California Education Code § 56505(c)(1) provides that "[t]he hearing shall be conducted by a person who shall, at a minimum, possess knowledge of, and the ability to understand, the provisions of this part and related state statutes and implementing regulations, the federal Individuals with Disabilities Education Act (20 U.S.C. § 1400 et seq.), federal regulations pertaining to the act, and legal interpretations of this part and the federal law by federal and state courts, and who has satisfactorily completed training pursuant to this subdivision."

futility or inadequacy of administrative procedures. Therefore, Plaintiffs are not excused from exhausting their administrative remedies, and this case is dismissed for lack of subject matter jurisdiction. The Court need not reach Defendant's argument that the OAH and CDE are indispensable parties.

### III. CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss is **GRANTED**. Defendant's motion to strike is **DENIED AS MOOT**. The Clerk shall enter judgment dismissing this case without prejudice.

In addition, the Clerk shall file under seal Document Nos. 1-9. The Court **ORDERS** the parties to file redacted copies of the Complaint and the motion papers that do not reveal the full name of the minor. The minor shall be identified as "E.W." in the pleading caption and the body of the documents. The Clerk shall amend the docket by removing the minor's full name and identifying the minor as "E.W."

**IT IS SO ORDERED.**

DATED: January 22, 2007

_Barry Ted Moskowitz_
Hon. Barry Ted Moskowitz
United States District Judge